THEODORE M. DAVIS, AS RECEIVER OF THE OCEAN NATIONAL BANK, *against* CHARLES W. COPELAND.

(Decided December 6th, 1875.)

Under a condition in a bond that A. will " take up and pay within five days after maturity thereof, any paper discounted for his account," and the further condition that the bond is " to be binding for one year only from date," the obligor is liable for A.'s failure to take up and pay any paper discounted for him within the year, although it does not mature until after the year's expiration.

APPEAL by defendant from a judgment of this court, entered on the report of Franklin A. Paddock, Esq., appointed sole referee to hear and determine the issues.

The action was brought by the plaintiff as receiver of the Ocean National Bank, on a bond made by the defendant in form as follows:

" Whereas W. F. Gleason has opened an account in the Ocean National Bank, and will offer notes and acceptances there for discount;

" Now, then, I, the undersigned Charles W. Copeland, am held and firmly bound unto said Ocean National Bank in the sum of two thousand dollars, in money of the United States, to be to them, their successors and assigns, well and truly paid, for which payment, well and truly to be made, I bind myself, my heirs, executors, administrators and assigns, firmly, by these presents.

" Sealed with my seal, and dated the 15th
    day of December, 1870.

" The condition of the above obligation is such, that if the said W. F. Gleason shall well and truly take up and pay, within five days after maturity thereof, any paper discounted for his account in said bank, together with interest and costs of protest and expenses thereon, and shall, within the same time, make good any and all checks certified for or paid by said bank

for him, and shall save said bank harmless from all damage by reason of his having an account therein, this bond shall be void; otherwise, in full force and virtue. This bond to be binding for one year only from date.

" (Signed.)                    " CHAS. W. COPELAND. [L. S.]

The breaches of the bond alleged were (1) the failure of W. F. Gleason to take up and pay a bill of exchange, dated September 10th, 1871, payable five months after date, and which had, before December 15th, 1871, been discounted for W. F. Gleason by the Ocean National Bank, and on December 26th, 1871, had been protested for non-acceptance; and, (2) the failure of W. F. Gleason to take up and pay a note dated October 14th, 1871, payable three months after date, and which, before December 15th, 1871, had been discounted for him by the Ocean National Bank, and which, on January 17th, 1872 (the day on which it fell due), had been protested for non-payment and was still unpaid.

The defense was that as the protest of the draft and note had not occurred until after December 15th, 1871, the failure of Gleason to take them up and pay them did not constitute a breach of the bond within the year for which it was limited. Other defenses were also set up, including a defense of usury, a statement of which is not material to an understanding of the decision on this appeal. The referee found that the defendant was liable on the bond for all paper discounted by The Ocean National Bank of the City of New York, for W. F. Gleason, between the 15th day of December, 1870, and the 15th day of December, 1871, including such paper so discounted as matured after December 15, 1871, which the said Gleason did not take up and pay within five days after maturity; but that such liability was limited to $2,000.

*Joseph J. Marrin*, for appellant.

*John L. Sutherland*, for respondent.

JOSEPH F. DALY, J.—The limiting clause in the defendant's bond as surety, viz.: " This bond to be binding for one year

Davis v. Copeland.

only from date," must refer to the transactions between Gleason and the bank, although indefinite in its terms. Literally it would seem designed as a limitation of the legal effect of the instrument which, being a specialty, was binding for twenty years, but no such construction is claimed by defendant. The object of the bond was plainly to give Gleason credit at the bank, and enable him to have paper discounted and checks certified (*Louisville Mfg. Co.* v. *Welch*, 10 How. U. S. 461). Upon his failure within five days after maturity thereof to take up and pay any paper discounted for him, the obligor in the bond was to become liable within the amount of his undertaking. It is claimed by defendant that the limitation of one year applies to the time of maturing of the paper discounted, but it may be more properly claimed by the other side that it applies to the discounting of paper and certifying of checks. If the giving credit to Gleason were the object of the bond, there would be a considerable period before the expiration of the year in which no appreciable credit could be given in case all his paper was to mature within the year of the bond. In fact, certification of his checks could hardly be made by the bank if the condition of their recovering from the surety was, not the certifying within the year, but the payment on presentation within the year; and thus one object of the giving of the bond, certifying checks of Gleason, would be, by the terms of the bond itself, destroyed; since the presentation of the certified check for payment is a matter over which the bank would have no control. If the bond were intended to give Gleason credit at the bank, and it must be so considered, such a construction should be given to its terms as would best promote that object. In point of fact it would be indifferent to defendant whether his liability was to depend upon what paper matured within the year and was not paid, or what paper was discounted within the year maturing afterwards. His liability was limited in any event to $2,000, and he could always know, during the year and at the end of the year, what paper of Gleason's was outstanding. There is no reason why we should be asked to incorporate in the bond a limitation not expressed in it; but it should be construed as if it read that the bond should be binding "so far as the dealings

of said Gleason with the said bank are concerned," for one year only from date. The dealings of Gleason with the bank, as appears by the bond itself, were those of depositor and of customer needing the certification of his checks and the discounting of his paper, and it is reasonable to infer that when the defendant gave the bond, all parties intended the limitation to apply to a fixed period of dealing, and to no other matter or thing.

The other questions in the case do not require comment. The defense of usury was not available to any person, principal or surety in respect of a note made by, or bill accepted by, a corporation. The validity of the paper is not affected by the agreement to discount at a greater rate than seven per cent. (*Rosa* v. *Butterfield*, 33 N. Y. 665).

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., concurred.

LOEW, J., dissented.

Judgment affirmed.